PONDER, Judge.
Plaintiff appealed from the trial court’s affirmation of the determination of the Board of Tax Appeals that plaintiff’s base for computing its occupational license tax as a real estate broker should include commissions paid to real estate salesmen.
The sole issue is the correctness of that conclusion. The Board of Tax Appeals held that they should be included. The trial court affirmed on judicial review. We affirm on appeal.
The facts are not disputed. For the years here involved, 1971-1973, the plaintiff in computing its occupational license tax deducted from its commissions the amounts it paid as earnings of its salesmen. Auditors from the Department of Revenue and Taxation ’ assessed plaintiff for additional license tax.
The resolution of this dispute depends upon the interpretation of LSA-R.S. 47:348:
“For carrying on each business known as real estate broker, the license shall be based on gross annual commissions earned for services performed by the broker or agent in Louisiana regardless of whether the principal or party solicited is within or without this state. Gross annual commissions shall include all income, earnings, and receipts for negotiating the purchase or sale of real property, procuring loans on mortgages, collecting rents, attending to the renting and leasing of houses and lands, and from other activities common to a real estate brokerage business. * * * ”
Plaintiff’s contentions are that the gross amount it is paid for the sale and leases of real estate is received but not earned, and that to arrive at the earned gross annual commissions the amounts paid to its salesmen should be deducted.
We believe the statute is not susceptible to that interpretation. The term gross annual commissions is given a very broad definition in the statute itself. The semantical distinction between commissions earned and commissions received finds no justification in the statute.
The law itself requires that the salesmen are to be paid only by the broker for their services.[1] Had the legislature intended these amounts to be deducted in computing the occupational license tax it would have been appropriate to make such a definite provision. The absence of such a provision, especially in view of the broad terms of the definition of gross annual commissions, leads us to believe the legislature did not intend to approve such a deduction just as they did not for the deduction of managerial salaries, rent, advertising, and the other costs of doing business.
We find not controlling the argument as to whether the salesmen are employees or not. The issue is whether or not the compensation of salesmen are to be excluded or included under the terms of the statute. Whether they are employees is irrelevant.
For these reasons the judgment is affirmed at appellant’s costs.
AFFIRMED.

. LSA-R.S. 37:1446:
“Associate brokers or salesmen shall not accept a commission or valuable consideration for the performance of any act herein specified from any person, except their sponsoring broker.”